UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MYRON HUBBARD,               )
                             )
         Plaintiff,          )
                             )
    v.                       )    No. 4:11-CV-2082-JAR
                             )
ST. LOUIS PSYCHIATRIC        )
REHABILITATION CENTER,       )
                             )
         Defendant.          )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Stay and Motion to Joinder [sic] The Missouri Department of Mental Health as an Additional Defendant [ECF No. 14], and Plaintiff's Motion to Amend Pleadings and Add Additional Defendant [ECF No. 15]. For the following reasons, Plaintiff's motions will be granted in part and denied in part.

By way of background, Plaintiff Myron Hubbard (Hubbard) brings this pro se action under the self-care provisions of the Family Medical Leave Act, 29 U.S.C. § 2601, et seq.,[1] (FMLA), against Defendant St. Louis Psychiatric Rehabilitation Center (Center), where he worked as a psychiatric nurse until he resigned effective December 15, 2008. According to his Complaint, Hubbard sustained a "severe ankle sprain" on August 7, 2008 and took sick leave.

---

[1] 29 U.S.C. § 2612(a)(1)(D) provides that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period ... [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

While out on leave, he fell, sustaining a "more serious injury to [his] back," and was unable to return to work before the expiration of his leave under the FMLA, on October 28, 2008. He alleges the Center staff "falsified" FMLA documents and, using those documents, provided false testimony to deny him FMLA benefits in violation of its regulations and the FMLA itself, and that his resignation amounted to constructive discharge. The Center filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6).

In response, Hubbard filed the instant motion to stay all proceedings pending a decision from the United States Supreme Court in <u>Coleman v. Maryland Court of Appeals</u>,[2] and to join the Missouri Department of Mental Health as an additional defendant. Plaintiff also filed a separate motion to amend his complaint and add Department Director Keith Schafer as an additional defendant. In his motion to amend, Hubbard asks the Court for leave to amend his pleading, "since the defendant [sic] responses require consideration of facts not appearing in the record." Hubbard has included five paragraphs in his motion labeled "First Cause of Action," "Second Cause of Action," Third Cause of Action," Fourth Cause of Action," and Fifth Cause of Action." (Doc. No. 15, pp.2-4). It appears as though Hubbard is attempting to either amend his complaint by interlineation, or requesting the Court add additional claims to this action without providing the Court with one centralized pleading which includes all claims he wishes to pursue in this action.

The Court will deny Hubbard's motions in part and grant him leave to file, within thirty

---

[2] 626 F.3d 187 (4th Cir. 2010), *cert. granted*, No. 10-1016, --U.S.--, 131 S.Ct. 3059, --L.Ed.2d-- (U.S. June 27, 2011). The case was argued before the Supreme Court on January 11, 2012.

(30) days from the date of this Order, a proposed amended complaint contemporaneously with a motion to file an amended complaint that includes each and every claim he wishes to bring against every defendant in this action. Clayton v. White Hall School Dist., 778 F.2d 457, 460 (8th Cir. 1985).

The pleading must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief, and ...a demand for judgment for the relief the pleader seeks." Rule 8(d) requires that "[e]ach allegation must be simple, concise, and direct." Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Hubbard must also clearly state each defendant he is pursuing allegations against, and set out for each defendant, the factual circumstances surrounding their alleged wrongful conduct. Failure to make specific and actionable allegations against any of the defendants will result in their dismissal from the case.

The filing of an amended complaint supersedes the original complaint, and claims that are not realleged are deemed abandoned. See In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005)(citations omitted). If Hubbard fails to file an amended complaint within thirty (30) days, the Court shall dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay and Motion to Joinder [sic] The Missouri Department of Mental Health as an Additional Defendant [ECF No. 14] is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Pleadings and Add Additional Defendant [ECF No. 15] is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Hubbard shall file an amended complaint, in accordance with the instructions above, no later than thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that if Hubbard fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

Dated the 9th day of March, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE