# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MYRON HUBBARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11-CV-2082-JAR |
| | ) |
| ST. LOUIS PSYCHIATRIC | ) |
| REHABILITATION CENTER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss [ECF No. 55] and Plaintiff's Motion for Leave to File Amended Complaint, also captioned as Opposition to Defendants' Motion to Dismiss. [ECF No. 53] For the following reasons, the Court will not grant Plaintiff's fifth attempt to amend his pleadings. Further, Defendants' motion to dismiss will be granted.

### Background

On November 30, 2011, Plaintiff Myron Hubbard (Hubbard) filed this pro se action under the self-care provisions of the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., (FMLA) against Defendant St. Louis Psychiatric Rehabilitation Center (Center) where he worked as a psychiatric nurse until he resigned effective December 15, 2008. According to his Complaint, Hubbard sustained a "severe ankle sprain" on August 7, 2008 and took sick leave. While out on leave, he fell, sustaining a "more serious injury to [his] back," and was unable to return to work before the expiration of his leave under the FMLA, on October 28, 2008. He alleges Center staff "falsified" FMLA documents and, using those documents, provided false

testimony to deny him FMLA benefits in violation of its regulations and the FMLA itself, and that his resignation amounted to constructive discharge.

The Center filed a motion to dismiss. (Doc. No. 10) In response, Hubbard moved, *inter alia*, to amend his complaint and join the Missouri Department of Mental Health and Department Director Keith Schafer as additional defendants. (Doc. No. 15) As Hubbard's filing was defective in several respects, the Court granted him leave to file a proposed amended complaint contemporaneously with a motion to file an amended complaint. (Doc. No. 16) Hubbard then filed a "Motion to Amend Complaint, Join Additional Defendants, Remove Keith Schafer as a Defendant and Motion for Injunction " (Doc. No. 20), asserting additional claims that appeared to have no relation to his FMLA claim. The Court allowed Hubbard another opportunity to amend his complaint to bring it into compliance with the Federal Rules of Civil Procedure. (Doc. No. 21) On April 18, 2012, Hubbard filed his amended complaint against the Missouri Department of Mental Health and the Center. (Doc. No. 22) On April 30, 2012, Defendants filed their motion to dismiss. (Doc. No. 27)

On May 3, 2012, Hubbard filed an "Amended Complaint." (Doc. No. 29) Because he did not seek leave of court before filing his amendment, the Court ordered the pleading stricken. (Doc. No. 30) Then, on May 15, 2012, Hubbard filed a motion to amend complaint (Doc. No. 31), which the Court granted. (Doc. No. 32) Following the filing of his second amended complaint (Doc. No. 33), Defendants again filed a motion to dismiss. (Doc. No. 35)

On June 15, 2012, Hubbard filed his Opposition to Motion to Dismiss with Motion to Add Additional Party and Amend Complaint. (Doc. No. 38) The Court construed this filing as an amended complaint, and ordered Hubbard to file, no later than June 25, 2012, a proposed

amended complaint contemporaneously with a motion for leave to file an amended complaint. (Doc. No. 40) On June 22, 2012, the Court granted Hubbard's motion for leave and the amended complaint was docketed on July 25, 2012. (Doc. No. 45) Defendants reasserted their motion to dismiss on August 8, 2012. (Doc. No. 43)

On August 28, 2012, Hubbard filed another motion for leave to file amended complaint (Doc. No. 46). Taking into consideration the fact that Hubbard is proceeding pro se, the Court construed this filing as both a motion to amend and an amended complaint, and granted Hubbard leave to amend his complaint on September 10, 2012. (Doc. No. 48) On October 24, 2012, Defendants reasserted their motion to dismiss. (Doc. No. 51) In response, Hubbard filed the pending motion for leave to amend his complaint. (Doc. No. 53)

On February 19, 2013, the Court, upon its review of the record, denied Defendants' motion to dismiss filed on October 24, 2012 (Doc. No. 55) because it was directed at the amended complaint filed on July 25, 2012 (Doc. No. 45) and superseded by the amended complaint filed on September 10, 2012. (Doc. No. 54) Defendants filed the instant motion to dismiss on February 22, 2013. Plaintiff has not responded to the motion.

**Discussion**

**Motion for leave to amend**

Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend pleadings. "The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). However, parties do not have an absolute right to amend their pleadings, even under this liberal standard. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008). A district court appropriately denies a movant leave to amend if "there are compelling reasons such as undue

delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment." Id. (quoting Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir. 2005). See also Nadist, LLC v. Doe Run Resources Corp., 2009 WL 3680533, at *1 (E.D. Mo. Oct. 30, 2009) (quoting Amrine v. Brooks, 522 F.3d 823, 833 (8th Cir. 2008)). An amendment is futile if "the amended [pleading] could not withstand a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P." Lexington Ins. Co. v. S & N Display Fireworks, Inc., 2011 WL 5330744, at *2 (E.D.Mo. Nov. 7, 2011) (citing Bakhtiari v. Beyer, 2008 WL 3200820, at *1 (E.D. Mo. Aug. 6, 2008). Whether to grant a motion for leave to amend is within the discretion of the Court. Nadist, 2009 WL 3680533, at *1.

"Pleading is not an interactive game in which plaintiffs file a complaint and then volley it over a rhetorical net with the court until a viable complaint emerges." Siepel v. Bank of America, N.A. 239 F.R.D. 558, 571 (E.D.Mo. 2006). Plaintiffs are responsible for pleading their case adequately, without defendants' or the court's assistance. A court may deny a plaintiff leave to replead when the party "has been given ample opportunity to allege a claim. Id. (citing Hughes v. LaSalle Bank, N.A., 2006 WL 1982983, at *6 (S.D.N.Y. July 14, 2006). See also Confederate Mem'l Ass'n, Inc. v. Hines, 995 F.2d 295, 300-01 (D.C.Cir.1993) (affirming district court's denial of request to amend where plaintiffs had "multiple bites at the apple" including restating what they had pled in a prior action).

Having carefully considered Hubbard's most recent proposed amendment, the Court concludes it would be futile to provide him another attempt to plead his claim. The Court has allowed Hubbard numerous opportunities to plead his claim, and he has filed four complaints

4

against Defendants, each in response to their motion to dismiss. The Court will not allow Plaintiff to delay in an attempt to avoid dismissal. Siepel, 239 F.R.D. at 571. For these reasons, Hubbard's motion for leave to file a fifth amended complaint will be denied and the Court will consider Defendants' motion to dismiss.

**Motion to dismiss**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In the complaint, a plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n. 3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.2003). This is especially true when, as here, a

5

plaintiff is proceeding pro se. Pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney. Nickless v. Saint Gobain Containers, 2012 WL 1414849, at *4 (E.D.Mo. April 24, 2012) (citing Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir.1994)). See also Russell v. City of Overland Police Dept., 838 F.Supp. 1350 (E.D. Mo. 1993). Nevertheless, pro se pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced. Nickless, 2012 WL 1414849, at *4 (citing Stone v. Harry, 364 F.3d 912, 914 (8th Cir.2004)). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Id. (citing Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir.2002)). With these standards in mind, the Court turns to an examination of Plaintiff's complaint.

**Discussion**

As a threshold matter, the Department of Mental Health is a state agency existing pursuant to Mo. Const. Art. IV, § 12. The Department is charged with administration of state hospitals and centers established to provide treatment for persons suffering from mental illness, such as the St. Louis Psychiatric Rehabilitation Center. Defendants take the position that the Center is not an entity that can be sued, citing generally, Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003) (county jail is not distinct legal entity subject to suit); Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (municipal departments are not "juridical entities suable as such"); McCray v. Francis Howell Sch. Dist., 2009 WL 1774319, at *3 (E.D. Mo. June 23, 2009) (juvenile justice center is a facility of the State of Missouri and not an entity that can be sued). Even if the Center can be sued, however, Defendants argue

6

Hubbard's complaint fails to state a cause of action against it under the FMLA because he was not employed by the Center, but by the Department. (See Amended Complaint, Doc. No. 46, ¶¶ 6, 12, 28).

Furthermore, as a state agency, the Department and, to the extent it is a legal entity, the Center, is entitled to Eleventh Amendment immunity from Hubbard's FMLA claim. The Eleventh Amendment bars federal court actions against the state or its agencies unless the state waives its immunity or Congress abrogates it. Will v. Michigan Dep't of State Police, 491 U.S. 58, 63, (1989); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100–01 (1984); Bronfman v. Missouri, 707 F.Supp. 419, 422 (W.D.Mo.1989), *aff'd w/o op.* 994 F.2d 842 (8th Cir.1993). In the recent Supreme Court opinion Coleman v. Court of Appeals of Maryland, 132 S.Ct. 1327, 1338 (2012), the Court specifically held that Congress did not abrogate states' sovereign immunity from suits for money damages in enacting FMLA's self-care provision. For this reason, Hubbard's FMLA claim fails.

In Count I of his Amended Complaint, Hubbard also alleges a claim for violation of the Due Process Clause, and specifically that Defendants failed to provide him with notice of his eligibility for FMLA protection and his rights and responsibilities. He references several Department of Labor regulations promulgated pursuant to the FMLA, 29 C.F.R. §§ 825.208, .210, .300(c), .305, and .309. (Amended Complaint, Doc. No. 46, ¶ 22) These regulations do not, however, create a civil cause of action not authorized by the FMLA itself. See Alexander v. Sandoval, 532 U.S. 275, 291 (2001) ("[l]anguage in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not."). Thus, Hubbard fails to state a FMLA claim based on these regulations.

7

Hubbard further alleges he was constructively discharged without notice or hearing in violation of the Due Process Clause. (Amended Complaint, Doc. No. 46, ¶¶ 13-14, 34) The Eleventh Amendment bar discussed above also limits a federal court's subject matter jurisdiction in civil rights cases and is not overridden by § 1983. Edelman v. Jordan, 415 U.S. 651 (1974); Quern v. Jordan, 440 U.S. 332, 338-40 (1979); Hadley v. North Arkansas Community Tech. College, 76 F.3d 1437, 1438 (8th Cir.1996); Nix v. Norman, 879 F.2d 429, 432 (8th Cir.1989); Denke v. South Dakota Dept. of Social Services, 829 F.2d 688, 689 (8th Cir. 1987). The bar applies whether the plaintiff seeks damages, injunctive or declaratory relief. Pennhurst, 465 U.S. at 100–01. Thus, Hubbard's claim of constructive discharge without notice or hearing in violation of the Due Process Clause also fails. See, Denke, 829 F.2d 688 (state employee's suit for violation of due process rights brought against state agency barred by the Eleventh Amendment).

In Count II of his Amended Complaint, Hubbard alleges a claim for violations of the Equal Protection Clause and Title VII of the Civil Rights Act, and specifically that Defendants interfered with his FMLA rights and treated him differently by allowing their other employees to use both sick leave and FMLA liberally but denying him the same treatment. (Amended Complaint, Doc. No. 46, ¶ ) In support of their motion to dismiss, Defendants state that Hubbard has failed to allege that he exhausted his administrative remedies. Hubbard disputes this assertion (Doc. No. 53, pp. 2-3), but makes no such allegations in his amended complaint. Before bringing a Title VII suit in federal court, a plaintiff is required to exhaust administrative remedies by presenting the allegations of the complaint to the proper administrative agency. See Lockkridge v. HBE Corp., 543 F.Supp. 2d 1048, 1056 (E.D. Mo. 2008). Generally, any claim

that is not presented to the agency may not be brought in federal court and must be dismissed. Id. Moreover, as discussed above, Hubbard's § 1983 equal protection claim is barred by the Eleventh Amendment. Quern, 440 U.S. at 342.

For these reasons, Defendants' motion to dismiss will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint [53] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [55] is **GRANTED**. A separate Order of Dismissal accompanies this Memorandum and Order.

Dated the 2nd day of April, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE