# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MYRON HUBBARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-2082-JAR |
| | ) | |
| ST. LOUIS PSYCHIATRIC | ) | |
| REHABILITATION CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This is a pro se action brought under the self-care provisions of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq.

**Factual and Procedural Background**

On November 30, 2011, Plaintiff Myron Hubbard filed this FMLA action against Defendant St. Louis Psychiatric Rehabilitation Center (Center) where he worked as a psychiatric nurse until he resigned effective December 15, 2008. According to his Complaint, Plaintiff sustained a "severe ankle sprain" on August 7, 2008 and took sick leave. While out on leave, he fell, sustaining a "more serious injury to [his] back," and was unable to return to work before the expiration of his leave under the FMLA, on October 28, 2008. He alleges Center staff "falsified" FMLA documents and, using those documents, provided false testimony to deny him FMLA benefits in violation of its regulations and the FMLA itself, and that his resignation amounted to constructive discharge.

The Center filed a motion to dismiss. (Doc. No. 10) In response, Plaintiff moved, *inter alia*, to amend his complaint and join the Missouri Department of Mental Health and Department

1

Director Keith Schafer as additional defendants. (Doc. No. 15) As Plaintiff's filing was defective in several respects, the Court granted him leave to file a proposed amended complaint contemporaneously with a motion to file an amended complaint. (Doc. No. 16) Plaintiff then filed a "Motion to Amend Complaint, Join Additional Defendants, Remove Keith Schafer as a Defendant and Motion for Injunction" (Doc. No. 20), asserting additional claims that appeared to have no relation to his FMLA claim. The Court allowed Plaintiff another opportunity to amend his complaint to bring it into compliance with the Federal Rules of Civil Procedure. (Doc. No. 21) On April 18, 2012, Plaintiff filed his amended complaint against the Missouri Department of Mental Health and the Center. (Doc. No. 22) On April 30, 2012, Defendants filed their motion to dismiss. (Doc. No. 27)

On May 3, 2012, Plaintiff filed an "Amended Complaint." (Doc. No. 29) Because he did not seek leave of court before filing his amendment, the Court ordered the pleading stricken. (Doc. No. 30) Then, on May 15, 2012, Plaintiff filed a motion to amend complaint (Doc. No. 31), which the Court granted. (Doc. No. 32) Following the filing of his second amended complaint (Doc. No. 33), Defendants again filed a motion to dismiss. (Doc. No. 35) On June 15, 2012, Plaintiff filed his Opposition to Motion to Dismiss with Motion to Add Additional Party and Amend Complaint. (Doc. No. 38) The Court construed this filing as an amended complaint, and ordered Plaintiff to file, no later than June 25, 2012, a proposed amended complaint contemporaneously with a motion for leave to file an amended complaint. (Doc. No. 40) On June 22, 2012, the Court granted Plaintiff's motion for leave and the amended complaint was docketed on July 25, 2012. (Doc. No. 45) Defendants reasserted their motion to dismiss on August 8, 2012. (Doc. No. 43)

On August 28, 2012, Plaintiff filed another motion for leave to file amended complaint

2

(Doc. No. 46). Taking into consideration the fact that Plaintiff was proceeding pro se, the Court construed this filing as both a motion to amend and an amended complaint, and granted Plaintiff leave to amend his complaint on September 10, 2012. (Doc. No. 48) On October 24, 2012, Defendants reasserted their motion to dismiss. (Doc. No. 51) In response, Plaintiff moved for leave to amend his complaint. (Doc. No. 53)

On February 19, 2013, the Court, upon its review of the record, denied Defendants' motion to dismiss filed on October 24, 2012 because it was directed at the amended complaint filed on July 25, 2012 and superseded by the amended complaint filed on September 10, 2012. (Doc. No. 54) Defendants refiled their motion to dismiss on February 21, 2013. (Doc. No. 55) Plaintiff filed no response to the motion. On April 2, 2013, the Court denied Plaintiff's fifth attempt to amend his pleadings and dismissed the case with prejudice. (Doc. No. 58)

On April 15, 2013, Plaintiff filed a Motion to Stay Order, Motion for Sanctions, Motion for Discovery of Defendant's Attorneys Postal Records and Motion for Judgment due to Sanctions (Doc. No. 60), which the Court construed as a motion for reconsideration of its April 2, 2013 Order. In his motion, Plaintiff raised an issue as to whether he had received Defendants' motion to dismiss given a recent change of address. On April 26, 2013, Plaintiff filed a Notice of Appeal from the Court's April 2, 2013 Order, stating that the notice of appeal would become moot should the Court rule on his pending motion. (Doc. No. 64) On May 22, 2013, the Court granted Plaintiff until June 3, 2013 to respond to Defendants' motion (Doc. No. 68), effectively setting aside its April 2, 2013 Order and reopening the motion to dismiss. Thus, Plaintiff's notice of appeal has been rendered moot.

The Court is now in receipt of Plaintiff's Opposition to Defendants' Motion to Dismiss.

[ECF No. 71][1] Plaintiff has also filed a Motion for Leave to Add the Missouri Department of Mental Health and Keith Schafer Ed.D., as Additional Parties [ECF No. 69] and a Motion for Leave to File Amended Complaint. [ECF No. 70]

**Discussion**

Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend pleadings. "The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). The same standard of liberality that guides courts in ruling on motions to amend pleadings applies to motions to add parties. See Fair Housing Development Fund Corp. v. Burke, 55 F.R.D. 414, 419 (E.D. N.Y. 1972). Even under this liberal standard, however, parties do not, have an absolute right to amend their pleadings. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008). A court may deny a plaintiff leave to replead when the party "has been given ample opportunity to allege a claim. Id. (citations omitted). Having carefully considered Plaintiff's most recent proposed amendment, the Court concludes it would be futile to provide him yet another attempt to plead his claim. The Court has allowed Plaintiff numerous opportunities to plead his claim, and he has filed four complaints against Defendants, each in response to their motion to dismiss.

Furthermore, the Missouri State Department of Mental Health is already a defendant in this case. As for Keith Schaefer, Plaintiff first sought to add him as a party on February 17, 2012. (Doc. No. 15) He then filed a motion to remove Schafer as a defendant on April 9, 2012. (Doc. No. 20) On April 18, 2012, Plaintiff filed an amended complaint naming the St. Louis

---

[1]Plaintiff's filing is captioned and docketed as a Motion for Leave to File an Opposition to Defendants' Motion to Dismiss. Having already granted Plaintiff until June 3, 2013 to respond to Defendants' motion (Doc. No. 68), to the extent Plaintiff is requesting leave, the Court will deny his request as moot.

Psychiatric Center and the Missouri State Department of Mental Health as defendants. (Doc. No. 22) In each of his amended complaints filed thereafter, the St. Louis Psychiatric Center and the Missouri State Department of Mental Health are the only two party defendants. (Doc. Nos. 22, 33, 45, 46) To add Schafer as a party at this juncture would prejudice him and result in further delay. The Court will not allow Plaintiff to continue to delay in an attempt to avoid dismissal. Siepel v. Bank of America, N.A., 239 F.R.D. 558, 571 (E.D. Mo. 2006). For these reasons, Plaintiff's motions for leave to file a fifth amended complaint and add parties will be denied.

The Court now turns to Defendants' motion to dismiss and Plaintiff's response in opposition. On a motion to dismiss, the Court liberally construes the allegations of the complaint in a light most favorable to Plaintiff, particularly since he is proceeding pro se. Kottschade ; v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.2003); Nickless v. Saint Gobain Containers, 2012 WL 1414849, at *4 (E.D.Mo. April 24, 2012) (citations omitted).

Plaintiff does not dispute that the St. Louis Psychiatric Rehabilitation Center is not a legal entity subject to suit. In response, he merely states that to address this argument, he added the Missouri Department of Mental Health to his previous filings. (Doc. No. 71, p. 2) Thus, the motion to dismiss as to the Center will be granted.

In response to the Department's assertion of Eleventh Amendment immunity from his FMLA claim, Plaintiff argues the Department receives millions of dollars in federal funding. He submits a 2013 budget summary report for the Department to show the Department generates over $600 million in federal reimbursements across 120 federal appropriations. (Doc. No. 71-1, pp. 34-37) Plaintiff contends that Congress may require states to waive their sovereign immunity as a condition of receiving federal funds, citing South Dakota v. Dole, 483 U.S. 203 (1987). (Doc. No. 71, pp. 2-4) In Dole, the Supreme Court ruled that "Congress may further broad policy

5

objectives by conditioning receipt of federal moneys upon compliance by the recipient with federal statutory and administrative directives." Id. at 206. Plaintiff sets forth a number of statutes involving federal funding which he contends waive Eleventh Amendment immunities. (Id., pp. 2-3) None of these statutes apply to his claims. Moreover, the Supreme Court has clearly held that Congress did not abrogate states' sovereign immunity from suits for money damages in enacting FMLA's self-care provision. Coleman v. Court of Appeals of Maryland, 132 S.Ct. 1327, 1338 (2012).

The Department further argues that without proof of a continuous pattern of discriminatory treatment, Plaintiff's claim of constructive discharge fails. (Doc. No. 76, p. 3) Plaintiff responds that he has presented several examples of discriminatory treatment, and references facts from his original pleading "to refresh the defendant's memory." (Doc. No. 71, p. 5) First, as argued in support of Defendants' motion to dismiss, Plaintiff alleges he had a conversation with his supervisor concerning his extended leave. He did not allege that his supervisor told him he would be terminated; rather, he alleged that his supervisor implied termination. (Doc. No. 56, pp. 8-9) Further, even if Plaintiff's original Complaint made these allegations, the allegations do not "carry forward." Plaintiff's Amended Complaint(s) replace all preceding complaints, and claims that are not realleged are deemed abandoned. See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). (Doc. No. 76, p. 4)

Finally, Defendants argue Plaintiff has failed to allege that he exhausted his administrative remedies. In response, Plaintiff states he attempted other administrative remedies through the U.S. Department of Labor complaint and named Defendant in a previous EEOC complaint. (Doc. No. 71, p. 5) Plaintiff has not alleged, or presented any documentation to show,

that he properly and timely filed a complaint with the EEOC, nor has he alleged that he followed the proper procedures to proceed with his lawsuit in this Court. Generally, any claim that is not presented to the agency may not be brought in federal court and must be dismissed. See Lockkridge v. HBE Corp., 543 F.Supp. 2d 1048, 1056 (E.D. Mo. 2008).

For these reasons, Defendants' motion to dismiss will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Add Additional Parties [69] and Motion for Leave to File Amended Complaint [70] are **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's request for leave to file his Opposition to Defendants' Motion to Dismiss [71] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [55] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Notice of Appeal [64] is moot based on the Court setting aside its April 2, 2013 Order and reopening Defendants' Motion to Dismiss. Plaintiff has thirty (30) days from the date of this Order to file a notice of appeal. 28 U.S.C. § 2107(a).

A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 12th day of August, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE